1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WEDGEWOOD,                                    No.  2:15-cv-1003 MCE DAD PS

12                    Plaintiff,

13         v.                                       FINDINGS AND RECOMMENDATIONS

14   KAO SAELEE,

15                    Defendant.

16

17          By Notice of Removal filed May 8, 2015, this unlawful detainer action was removed from

18   the Sacramento County Superior Court by defendant Kao Saelee, who is proceeding pro se.

19   Accordingly, the matter has been referred to the undersigned for all purposes encompassed by

20   Local Rule 302(c)(21).

21          However, it is well established that the statutes governing removal jurisdiction must be

22   "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064

23   (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also

24   Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v.

25   Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if

26   there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d

27   564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party

28   invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.

1

1  1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also

2  Provincial Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal

3  jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

4  those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d

5  1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject

6  matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

7         In removing this action, defendant asserts that this court has original jurisdiction over the

8  action because plaintiff's "claim" is based upon the "Protecting Tenants at Foreclosure Act of

9  2009, 12 U.S.C. § 5201."  (Notice of Removal (Dkt. No. 1) at 2.)  However, it is evident from a

10  reading of plaintiff's complaint filed in the Sacramento County Superior Court that this is nothing

11  more than a garden-variety unlawful detainer action filed against the former owner of real

12  property located in California and that it is based wholly on California law without reference to

13  any claim under federal law.  (Id. at 11.)  As such, the complaint does not involve any "claim or

14  right arising under the Constitution, treaties or laws of the United States" that would have

15  permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. § 1441(b).  It is

16  also evident from defendant's Notice of Removal that any federal claims that could conceivably

17  be presented in this action arise solely from defendant's own affirmative defenses and not from

18  the plaintiff's unlawful detainer complaint.  See ARCO Envtl. Remediation, LLC, 213 F.3d at

19  1113.  Thus, the defendant has failed to meet his burden of establishing a basis for federal

20  jurisdiction over this action.

21         Finally, the undersigned notes that it appears that this is the second time defendant has

22  improperly removed this action to this federal court.  Defendant first removed this action to this

23  court on February 10, 2015.  See Wedgewood v. Kao Saelee, No. 2:15-cv-0338 JAM CKD PS.

24  In that previous action, the assigned Magistrate Judge issued findings and recommendations on

25  February 18, 2015 recommending that the matter be summarily remanded to Sacramento County

26  Superior Court for the same reasons as are noted above in these findings and recommendations.

27  The prior action was remanded on March 23, 2015, when the District Judge assigned to that

28  /////

2

1   earlier action adopted the Magistrate Judge's February 18, 2015 findings and recommendations in

2   full.

3         In light of this history, defendant is cautioned that any future attempts to remove this

4   action to this court will likely result in the imposition of sanctions against him.  See Ryan Family

5   Trust v. Chairez, No. 2:14-cv-0958 JAM KJN PS, 2014 WL 1665004, at *3 (E.D. Cal. Apr. 22,

6   2014) ("Defendant is cautioned that any future improper removals may result in an award of costs

7   and expenses to Plaintiff, and/or the imposition of any other appropriate sanctions"); Wells Fargo

8   Bank, N.A. v. Lombera, No. C12-3496 HRL, 2012 WL 3249497, at *2 (N.D. Cal. Aug. 7, 2012)

9   (recommending the imposition of sanctions where "defendants' litigation history establishes a

10  troubling record of repeated removals of the same unlawful detainer action, in apparent disregard

11  of the court's prior remand orders"); U.S. Bank Nat'l Ass'n v. Mikels, No. C12-00047 CW, 2012

12  WL 506565, at *2 (N.D. Cal. Feb. 15, 2012) (awarding fees against a pro se defendant where the

13  court had already remanded the case once, and then defendant removed the case a second time

14  just before the state court was to hear summary judgment motions); see also 28 U.S.C. § 1447(c)

15  ("[a]n order remanding the case may require payment of just costs and any actual expenses,

16  including attorney fees, incurred as a result of the removal.").

17        Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily remanded

18  to the Sacramento County Superior Court and that this case be closed.

19        These findings and recommendations will be submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  A document presenting objections

23  should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply

24  to objections shall be filed and served within seven days after service of the objections. The

25  /////

26  /////

27  /////

28  /////

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  May 15, 2015

4

5                                                          DALE A. DROZD
                                                           UNITED STATES MAGISTRATE JUDGE
6

7   DAD:6
    Ddad1\orders.pro se\wedgewood1003.ud.f&rs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4